UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES HOLBROOK, | : | Case No. 1:21-cv-381 |
|     Petitioner, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| STATE, | : | |
|     Defendant. | : | |

DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 2);
TERMINATING THIS CASE ON THE COURT'S DOCKET; AND
DESIGNATING PETITIONER A VEXATIOUS LITIGATOR

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  Pursuant to such reference, the Magistrate Judge reviewed the petition filed with this Court and, on September 1, 2021, submitted a Report and Recommendation, recommending that the case be dismissed and noting a prior recommendation that Petitioner be deemed a vexatious litigator.  (Doc. 2).  On September 16, 2021, Petitioner filed objections to the Report and Recommendation.[1]

---

[1] "The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added).  "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

(Doc. 3). On October 18, 2021, Petitioner submitted a Petition for Relief, which Petition simply reiterates the grievances Petitioner notes in his prior objections. (Doc. 4).

Petitioner Charles Holbrook is an inmate at the St. Louis Correctional Facility in St. Louis, Michigan.[2] (Doc. 2). Since 2016, Petitioner has filed **15 civil cases** in the Southern District of Ohio, each of which seek to collaterally attack his Michigan state court conviction or his detention in the state of Michigan.[3] Indeed, between March and June 2021, Petitioner filed seven civil cases in the Southern District of Ohio—seeking identical relief (compassionate release)—five of which were filed consecutively, in **one day**. *See* Note 3, *infra*. All of Petitioner's cases in this Court have thus far resolved in

---

[2] Petitioner was convicted by a state court jury in Kent County, Michigan Circuit Court of being a felon in possession of a firearm, accosting a child for immoral purposes, two counts of possessing child sexually abusive material, two counts of allowing a child to engage in child sexually abusive activity, and two counts of producing child sexually abusive material. *In re Holbrook*, No. 2:21-CV-11487, 2021 WL 4053184, at *1 (E.D. Mich. Aug. 5, 2021) (citing *People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011) (per curiam)). The Michigan state court found Petitioner to be a third habitual offender and sentenced him to serve a term of 15 to 40 years imprisonment. (*Id.*) His convictions were affirmed on appeal and the Supreme Court of Michigan declined to accept jurisdiction. *Holbrook*, No. 298869, 2011 WL 5064266; *People v. Holbrook*, 492 Mich. 853 (2012).

[3] *See Holbrook v. Warden*, No. 1:16-cv-592-SJD-KLL (S.D. Ohio May 31, 2016); *Holbrook v. Warden*, No. 1:16-cv-660-MRB-KLL (S.D. Ohio Jun. 20, 2016); *Holbrook v. Pols,* No. 1:16-cv-834-TSB-SKB (S.D. Ohio Aug. 11, 2016); *Holbrook v. Pols,* No. 1:16-cv-1013-TSB-SKB (S.D. Ohio Oct. 20, 2016); *Holbrook v. Pols*, No. 1:17-cv-186-TSB-SKB (S.D. Ohio Mar. 20, 2017); *Holbrook v. Warden*, No. 1:17-cv-274-WOB-KLL (S.D. Ohio Apr. 24, 2017); *Holbrook v. Warden*, No. 1:20-cv-501-MWM-SKB (S.D. Ohio Jun. 29, 2020); *Holbrook v. State of Michigan*, No. 1:20-cv-687-MRB-SKB (S.D. Ohio Sep. 2, 2020); *Holbrook v. Warden*, No. 1:21-cv-220-TSB-SKB (S.D. Ohio Mar. 30, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-356-MRB-SKB (S.D. Ohio May 27, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-381-TSB-KLL (S.D. Ohio Jun. 7, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-382-TSB-SKB (S.D. Ohio Jun. 7, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-383-TSB-SKB (S.D. Ohio Jun. 7, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-384-MWM-SKB (S.D. Ohio Jun. 7, 2021); *Holbrook v. Warden*, No. 1:21-cv-385-MRB-SKB (S.D. Ohio Jun. 7, 2021).

the same manner—dismissal for improper venue and transfer to the appropriate court in Michigan. *Id*.

In response to Petitioner's consistent, improper filings, this Court has previously issued at least three separate Orders advising Petitioner that all future filings would be summarily denied and/or stricken from the record and also directing the Clerk's Office to refuse and return without filing all further pleadings received from Petitioner in those specific cases. *See Holbrook v. Pols*, No. 1:16-cv-834 (S.D. Ohio Aug. 11, 2016) (Docs. 20, 32); *Holbrook v. Warden*, No. 1:21-cv-220 (S.D. Ohio May 3, 2021) (Doc. 4). However, undeterred by the prior dismissals and admonitions of this (and numerous other) Courts, Petitioner continues to improperly file new cases in the Southern District of Ohio.[4]

In the instant case—as well as two other identical, consecutively-filed cases before this Court—Petitioner seeks compassionate release. (Doc. 1); *see also Holbrook v. State of Michigan*, No. 1:21-cv-382 (S.D. Ohio Jun. 7, 2021); *Holbrook v. State of Michigan*, No. 1:21-cv-383 (S.D. Ohio Jun. 7, 2021). However, as Petitioner was neither convicted, nor sentenced in the Southern District of Ohio, and as he is not in custody in the Southern

---

[4] Petitioner has been sanctioned and/or issued filing restrictions in numerous other jurisdictions, arising from his persistent and vexatious filings. *See Holbrook v. Michigan*, No. 1:20-cv-1650 (S.D. Ind. Jan. 29, 2021) (issuing sanctions after Petitioner "continued to file in this Court baseless petitions and motion for relief related to his 2010 Michigan conviction" after being informed that the Southern District of Indiana is not the proper venue for his petitions); *Holbrook v. Warden*, Case No. 2:20-cv-11544 (E.D. Mich. July 9, 2020) (noting that Petitioner was deemed an abusive filer and enjoined from filing additional cases in the Eastern District of Michigan "without securing permission from the Sixth Circuit to file a successive petition, or permission from the Chief Judge of our district to file any pleading which otherwise challenges his conviction"); *In re Holbrook*, No. 2:21-CV-11487, 2021 WL 4053184, at *1 (E.D. Mich. Aug. 5, 2021) (noting that Petitioner's case was before the Eastern District of Michigan after being initially filed in the Norther District of California and transferred for improper venue).

District of Ohio, this Court is not the proper venue for Petitioner's case. Moreover, Petitioner's objections to the Report and Recommendation are not well-taken, as Petitioner merely insists (with increasing volatility) that this Court should accept and adjudicate his claims, simply because he has filed in a federal court. The Court once again advises Petitioner that **the Southern District of Ohio is not the proper venue for him to collaterally attack his state court convictions nor his confinement in a Michigan prison**. Petitioner is also advised that, contrary to his assertions, "federal court" does not mean that he can file his case anywhere he wishes in the United States, nor can any federal court in the country simply accept and adjudicate (or re-adjudicate, as is often the case) his improperly filed petitions. Accordingly, this case must be dismissed.

Additionally, this Court must address Petitioner's persistence in needlessly expending the limited time and resources of the judges in the Southern District of Ohio. "Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303729, at *12 (S.D. Ohio, Dec. 10, 2007)). And the Sixth Circuit has repeatedly upheld the prefiling restrictions that trial courts have imposed on vexatious litigators. *Asamoah v. Amazon.com Servs., Inc.*, No. 2:20-CV-3305, 2021 WL 3637730, at *6–7 (S.D. Ohio Aug. 17, 2021) (collecting cases). In light of Petitioner's persistent and

frivolous filing practices, this Court deems Petitioner a vexatious litigator and restricts him from filing any further cases in the Southern District of Ohio, unless an attorney admitted in this Court certifies that the case is brought in good faith.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this case.  Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly:

1. The Report and Recommendation (Doc. 2) is **ADOPTED**;

2. This case is **DISMISSED** without prejudice, subject to refiling **in the proper venue**;

3. The Clerk shall enter judgment accordingly and this case shall be **TERMINATED** on the docket of this Court;

4. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*;

5. Charles Holbrook is hereby deemed a vexatious litigator and **ENJOINED** from filing, in the Southern District of Ohio, any new action relating to his Michigan conviction, sentence, or custody, unless he accompanies said action with a certificate from an attorney who is licensed in this Court or the State of Ohio, stating that his claims are non-frivolous and that this Court is the proper venue; and

6. The Clerk's Office is **ORDERED** to return without filing any further pleadings from Charles Holbrook, consistent with this Order.

**IT IS SO ORDERED.**

Date:  3/22/2022

s/ Timothy S. Black
Timothy S. Black
United States District Judge